1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEAN MARC VAN DEN HEUVEL,              No.  2:22–cv–02277-DAD–KJN PS

12                  Plaintiff,              ORDER GRANTING IFP REQUEST AND
                                           GRANTING LEAVE TO AMEND
13          v.

14   MICHAEL FRAIL,

15                  Defendant.

16

17          Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in

18   forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of

19   an action "without prepayment of fees or security" by a person who is unable to pay such fees).

20   Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

21          However, the determination that a plaintiff may proceed without payment of fees does not

22   complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

23   claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or

24   seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal

25   court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United

26   Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

27   ───────────────
     [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
28   E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

                                                  1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      Legal Standards

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

A.  Subject Matter Jurisdiction and Frivolity

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction.  Rule 12(h)(3).[2]  A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court.  Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction).  A claim is legally frivolous when it

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

1   lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A

2   court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory

3   or where the factual contentions are clearly baseless.  Id. at 327; Rule 12(h)(3).

4                   B.  Federal Notice Pleading and a Complaint's Failure to State a Claim

5          Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the

6   court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is

7   entitled to relief; and (3) a demand for the relief sought, which may include relief in the

8   alternative or different types of relief."  Each allegation must be simple, concise, and direct.  Rule

9   8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds)

10   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

11   litigation on the merits of a claim.").

12          A claim may be dismissed because of the plaintiff's "failure to state a claim upon which

13   relief can be granted."  Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a

14   cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix,

15   Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a

16   complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic

17   recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

18   555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action,

19   supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678

20   (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

21   claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff

22   pleads factual content that allows the court to draw the reasonable inference that the defendant is

23   liable for the misconduct alleged."  Id.

24          When considering whether a complaint states a claim upon which relief can be granted,

25   the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S.

26   89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan

27   v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true

28   "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

                                                    3

or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

II.      Analysis

The court has reviewed plaintiff's complaint and supplemental filings.  (ECF Nos. 1, 5, 7.) To begin with, plaintiff's complaint is difficult to understand.  It does not contain a description of defendant's actions, or proper syntax and punctuation.  (See e.g., ECF No. 1 at 4, stating "[t]he intent manipulations of due access to a work room to process efficiently documents used to engage in multiple current battles".)  As best as the court can tell, plaintiff alleges that defendant Michael Frail failed to provide plaintiff consistent access to a workroom at the courthouse.  (See ECF No. 1 at 4, defendant "lacks consistent grace to simply cordially allow pro-se litigant access to this important "space" to work in.")

Plaintiff has not linked defendant to any violation of his federal rights.  Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Here, plaintiff has not told the court what defendant actually did that led plaintiff to conclude that his access to courts has been denied, and thus has not linked defendant with any affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In addition, although meaningful access to courts is constitutionally required, there is no right of access to courts to engage in frivolous litigation.  See e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996).  But see Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ( "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials).  Here, plaintiff has not alleged the existence of any non-frivolous legal claim and has therefore failed to properly alleged defendant violated his right to meaningful access to

1  courts.[3]

2      Accordingly, plaintiff's complaint fails to state a claim and must be dismissed.  In light of

3  plaintiff's pro se status, the court grants plaintiff an opportunity to amend the complaint.  See

4  Lopez, 203 F.3d at 1130.  If plaintiff elects to file an amended complaint, this new pleading shall

5  be captioned as the "First Amended Complaint" and should address the defects in the complaint.

6  However, the statement of the claim should be kept relatively "short."  Plaintiff is informed that

7  the court cannot refer to a prior complaint or other filing in order to make the second amended

8  complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself

9  without reference to any prior pleading.  Nothing in this order requires plaintiff to file an

10  amended complaint.  If plaintiff determines that he is unable to amend the complaint in

11  compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his

12  claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

13      Finally, the court notes that plaintiff has filed multiple actions in this court that border on

14  frivolity or have been found frivolous.  See, e.g., Van Den Heuvel v. Sooth, 2:23-cv-361-TLN-

15  KJN-PS, 2023 WL 3752007, at *1 (E.D. Cal. June 1, 2023) (recommending dismissal of

16  plaintiff's case for failure to prosecute and noting the mostly frivolous nature of the original

17  complaint); Van Den Heuvel v. The Will of Raymond Charles Van Den Heuvel, 2:20-cv-04039-

18  CJC-KS, (June 24, 2020) (dismissing plaintiff's case as frivolous and for lack of jurisdiction

19  because it was his third attempt to file suit in federal court disputing a family estate case).

20  Plaintiff is warned that continued abuse of the court's process could result in the entry of a

21  vexatious litigant order against him, which would restrict his ability to file cases in this court.

22  Plaintiff is likely aware of this mechanism, as other California courts have entered similar orders

23  against him.  (ECF No. 1 at 6-7.)

24  ////

25

26  [3] Among the many pages of documents plaintiff filed with his complaint is an order from the El
    Dorado Superior Court designating plaintiff a "vexatious litigant" and stating that plaintiff has no

27  legal proceedings pending before the court.  (See Copy of Order Denying Request for Records,
    ECF No. 1 at 6).

28

1

## **ORDER**

2     Accordingly, IT IS HEREBY ORDERED that:

3   1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

4   2. Within 30 days of this order, plaintiff shall file either (a) a first amended complaint in

5      accordance with this order, or (b) a notice of voluntary dismissal of the action; and

6   3. Failure to timely comply with this order will result in a recommendation that the action be

7      dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

8   Dated:  June 29, 2023

9

10

11   2277.vand

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28